**UNITED STATES of America, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendant.**

**In re JOINT APPLICATION PURSUANT TO PARAGRAPH 16 OF the MARCH 14, 1989, CONSENT DECREE.**

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

Dec. 13, 1995.

Mary Jo White, United States Attorney for the Southern District of New York (Karen B.

Konigsberg, Assistant United States Attorney, of counsel), New York City, for the United States.

Judith A. Scott, General Counsel, International Brotherhood of Teamsters, Washington, DC, for defendant.

## *ORDER*

EDELSTEIN, District Judge:

WHEREAS on March 14, 1989, this Court approved a consent order (the "Consent Decree") that settled the claims of plaintiff the United States of America (the "Government") against, *inter alia,* defendant International Brotherhood of Teamsters ("IBT"); and

WHEREAS the Consent Decree provides that this Court retains jurisdiction to supervise the implementation of the Consent Decree and the activities of the officers appointed pursuant to the Consent Decree; and

WHEREAS under the Court's January 17, 1990, Order, all members and affiliates of the International Brotherhood of Teamsters are enjoined from litigating issues related to the Consent Decree in any court or forum other than this Court; and

WHEREAS pending before the Court are cases relating to the Consent Decree in which one or the other of the Government or the IBT is not a named party to the litigation; and

WHEREAS the IBT and the Government, in order vigilantly to protect the integrity of the Consent Decree, seek to insure that both the IBT and the Government as parties to the Consent Decree receive notice of any litigation that is related to the Consent Decree, and that the Independent Review Board members and the Election Officer receive notice of any litigation before the Court that is related to their jurisdiction, authority, actions or operation under the Consent Decree;

IT IS THEREFORE ORDERED THAT in any litigation pending before the Court that relates to the Consent Decree in which the IBT or any International Officer of the IBT is named as a party and the Government is not, the IBT shall promptly give notice to the Government of the pending action and shall cause copies of all orders issued by the Court, all schedules agreed to by the parties or adopted by the Court, and all papers filed with the Court in the litigation to be provided to the Government. The Government shall have the right to make submissions to the Court in connection with such litigation; and

ORDERED THAT in any litigation pending before the Court that relates to the Consent Decree in which the Government is named as a party and the IBT or any International Officer of the IBT is not, the Government shall promptly give notice to the IBT of the pending action and shall cause copies of all orders issued by the Court, all schedules agreed to by the parties or adopted by the Court, and all papers filed with the Court in the litigation to be provided to the IBT. The IBT shall have the right to make submission to the Court in connection with such litigation; and

ORDERED THAT in any action pending before the Court that relates to the jurisdiction, authority, actions or operation of the IRB or the Election Officer in which the IBT (or any International Officer of the IBT) and/or the Government is a named party but the IRB or the Election Officer is not, the Government, if named as a party, or the IBT, if the Government is not named as a party, shall promptly notify the IRB or the Election Officer of the action. The IRB or the Election Officer shall have the right to require that the parties to the litigation serve the IRB or the Election Officer with copies of all orders issued by the Court, all schedules agreed to by the parties or adopted by the Court, and all papers filed with the Court in the litigation. The IRB or the Election Officer shall also have the right to make submissions to the Court in connection with such litigation; and

ORDERED THAT in any action pending before the Court that relates to the Consent Decree in which the IRB or the Election Officer is a named party but in which neither the Government nor the IBT is a named party, the IRB or the Election Officer shall promptly give notice to the Government and the IBT of the pending action and shall cause copies of all orders issued by the Court, all

schedules agreed to by the parties or adopted by the Court, and all papers filed with the Court in the litigation to be provided to the Government and the IBT. The Government and the IBT shall have the right to make submissions to the Court in connection with such litigation; and

ORDERED THAT whether or not the IBT or the Government is named in a pending action, upon discovering that a pending action relates to the Consent Decree, the IBT or the Government shall promptly give notice to the other party of the pendency of the action and, if requested by the other party, shall cause copies of all orders issued by the court, all schedules agreed to by the parties or adopted by the court, and all papers filed with the court in the litigation that are in its possession to be provided to the other party; and

ORDERED THAT notice to the Government in accordance with this order shall mean notice to the United States Attorney's Office for the Southern District of New York, 100 Church Street, 19th Floor, New York, New York, 10007, with an indication that the matter concerns *United States v. IBT*, 88 Civ 4486 (DNE); and

ORDERED THAT nothing in this order shall prevent the Government or the IBT from applying to intervene in any action relating to the Consent Decree or prevent the Court from ordering that the Government or the IBT be joined in the litigation pursuant to the Federal Rules of Civil Procedure; and

ORDERED THAT nothing in this order shall limit the obligations of any person or entity (including but not limited to the signatories to the Consent Decree and IBT members and affiliates) under the Consent Decree and this Court's January 17, 1990 All Writs Order.

SO ORDERED.